UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE IVERSON, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-12077-RWZ |
| | ) | |
| WMACH, LLC, a Massachusetts | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant WMACH, LLC ("WMACH"), pursuant to Fed. R. Civ. P. 26(c) and

Local Rule 37.1, moves this Court for a protective order prohibiting Plaintiff's expert,

Mr. William Norkunas, from inspecting Defendant's property based upon the following:

1.      Plaintiff has filed this suit against a WMACH facility known as the Mall

at Chestnut Hill (the "Mall"), located at 199 Boylston St., Chestnut Hill, MA  02467.

2.      Plaintiff seeks to inspect the Mall allegedly to determine if any non Title

III-compliant architectural barriers exist at the Mall.

3.      William Norkunas is Plaintiff's purported "expert on Title III of the

Americans with Disabilities Act, its regulations and guidelines, and their application to

the facilities and businesses that are the subject of the instant lawsuit."

4.      As is set forth in more detail in the attached memorandum of law filed

herewith, WMACH seeks to prevent Mr. Norkunas from inspecting the Mall since he has

already examined the property at issue, and indeed, has already issued his Rule 26(a)(2)

expert report. Because the only reason for Mr. Norkunas to return to the Mall at Chestnut Hill would be to drive up fees and costs, and because Plaintiff's law firm has been sanctioned in the past for this very behavior, the Court should prohibit Plaintiff from engaging in this unnecessary and excessive expense.

WHEREFORE, for the foregoing reasons, as are set forth more fully in the memorandum of law filed herewith, Defendant WMACH respectfully requests that this Court:

1.    Grant Defendant WMACH's Motion for Protective Order, and

2.    Grant such other and further relief as the Court deems just and equitable, including Defendant WMACH's costs and attorneys' fees for the preparation, filing, and hearing of this motion.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendant WMACH requests oral argument on this motion.

Respectfully submitted,

WMACH, a Massachusetts limited liability company

By its attorneys,

/s/ Jennifer Martin Foster
Jennifer Martin Foster (BBO #644796)
Greenberg Traurig, LLP
One International Place
Boston, MA 02110
(617) 310-6000

Co-Counsel:
Brian C. Blair, Esq.
Greenberg Traurig, P.A.
450 S. Orange Ave., Ste. 650
Orlando, FL   32801
(407) 420-1000

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c) and LOCAL RULES 7.1(A)(2), 37.1(A) and 26.2(C)

On behalf of Defendant WMACH, LLC, by and through undersigned counsel, I hereby certify that, pursuant to Fed. R. Civ. P. 26(c) and Local Rules 7.1(A)(2), 37.1(A) and 26.2(C), counsel have conferred and have attempted in good faith to resolve or narrow the issues raised in the above motion and to narrow the areas of disagreement to the greatest possible extent.

/s/ Jennifer Martin Foster
Jennifer Martin Foster

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via U.S. Mail and e-mail to **O. OLIVER WRAGG, ESQ.**, Fuller, Fuller & Associates, P.A., 12000 Biscayne Boulevard, Suite 609, North Miami, Florida 33181, this 10 day of March, 2005.

/s/ Jennifer Martin Foster
Jennifer Martin Foster

bos-srv01\FOSTERJE\159692v01\4R_C01_.DOC\3/10/05\83066.010100

4